# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Geraldine Soat Brown | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 09 C 6080 | **DATE** | 1/4/2012 |
| **CASE TITLE** | Nesbitt vs. Villanueva | | |

**DOCKET ENTRY TEXT**

For the reasons set forth below, Defendant's Motion for Summary Judgment [70] is denied, and plaintiff's Motion to Re-Deny Summary Judgment [85], which is in effect plaintiff's response to defendant's motion for summary judgment, is granted. A status hearing is set for 1/27/12 at 9:00 a.m., at which time defendant should advise the court whether he anticipates filing a renewed motion for summary judgment. If defendant files a renewed motion for summary judgment, plaintiff will be allowed a limited amount of time to conduct additional discovery and to respond to defendant's motion. Plaintiff is specifically cautioned that any further papers submitted to the court in response to a motion for summary judgment *must* comply with Local Rule 56.1 and Federal Rule of Civil Procedure 56(e).

■ [ For further details see text below.]

Notices mailed by Judicial staff.

## STATEMENT

This case comes before the court on defendant Superintendent Nelson Villanueva's motion for summary judgment. [Dkt 70.] The motion is limited to the issue of whether Villanueva was personally involved in events that occurred at Cook County Jail on September 28, 2007, which plaintiff Raymond Nesbitt alleges constituted deliberate indifference to his medical condition. (*Id.*) Villanueva claims he was not present and had no involvement in the incident, while Nesbitt claims Villanueva was present and directly involved. For the reasons that follow, Villanueva's motion is denied.

### Background Factual Allegations

This case involves Nesbitt's *pro se* § 1983 claim that Villanueva, a correctional officer at Cook County Jail, violated Nesbitt's civil rights by refusing to allow him to keep shoes that helped alleviate pain caused by his foot condition. (Compl. ¶ 4.) [Dkt 1.] Because the present motion is limited to the question of whether defendant Villanueva was involved in the alleged incident, the following background is taken from the allegations of Nesbitt's complaint. The discussion of those allegations here does *not* mean that the court has found those facts to be true or even that Nesbitt has supported those allegations with evidence. This is simply background to the present motion.

Nesbitt was a pretrial detainee at Cook County Jail from April 2005 until December 2008. He alleges that he suffers from plantar fasciitis, a condition that makes it painful for him to walk. He also suffers from a herniated disc and pinched sciatic nerve, which causes numbness in his toes. In approximately August 2006, Nesbitt was transferred from Division XI of the jail to Division I.

After his transfer to Division I, Nesbitt was no longer allowed to wear the thick-soled boots he had on

**STATEMENT**

when entering the jail. In February 2007, he received an open-ended prescription from a doctor allowing him to recover those boots due to his plantar fasciitis. The jail was unable to locate those boots, but Nesbitt was allowed to take a pair of gym shoes with extra thick soles that provided him some relief.

Nesbitt alleges that on September 28, 2007, correctional officers removed the shoes of all detainees in Division I and replaced them with state-issued shoes with very thin soles. On that date, Nesbitt attempted to explain his medical condition to the officers and the reasons why he needed to keep the thick-soled shoes he was wearing, but he alleges his explanations were ignored. Nesbitt showed Villanueva the prescription directing that Nesbitt wear athletic shoes, but Villanueva disregarded it and directed other correctional officers to segregate Nesbitt if he did not give up his shoes.

### Villanueva's motion

Villanueva previously moved for summary judgment on three grounds: (1) Nesbitt failed to properly exhaust all administrative remedies under the Prison Litigation Reform Act; (2) Villanueva was not personally involved in Nesbitt's shoes being taken away; and (3) Villanueva was not deliberately indifferent to Nesbitt's condition of plantar fasciitis. (Def.'s Mem. Summ. J., May 28, 2010 at 1.) [Dkt 45.] Villanueva's motion was denied with prejudice as to the first argument, the court finding that Nesbitt had exhausted his administrative remedies. (Order, Feb. 24, 2011.) Because the court had previously directed the parties to address only the issue of exhaustion of remedies, the motion was denied without prejudice on the other two grounds. The court thereafter directed Villanueva to limit his anticipated renewed summary judgment motion to the issue of Villanueva's personal involvement only, and granted Nesbitt additional time to conduct discovery on that issue alone. (Order, Mar. 10, 2011.) [Dkt 63.] Nesbitt was granted a number of extensions to complete discovery and respond to Villanueva's motion. (*See* Orders, Apr. 20, 2011, June 2, 2011, July 28, 2011, Sept. 1, 2011.) [Dkt 72, 74, 77, 78.]

In his present motion, Villanueva argues that he is entitled to summary judgment because he was not the superintendent of Division I at the time of the incident at issue and had no personal involvement in taking away Nesbitt's shoes. (Def.'s Mem. Summ. J. at 4.) [Dkt 67.] In fact, Villanueva's position is that he was not present at all in Division I on September 28, 2007. (*Id*.) In support of this position, Villanueva has submitted a sworn affidavit asserting that as of April 22, 2007, he was no longer the superintendent of Division I because he had been transferred to the position of lieutenant in External Operations. (Def.'s Stmt. of Facts, Ex. 2, Affidavit of Nelson Villanueva ¶ 2.) [Dkt 66.] Villanueva further swears he was not present on Division I at all on September 28, 2007. (*Id.* ¶ 3.) Villanueva has also submitted affidavits from two correctional officers who state they were present in Division I when the incident occurred. (Def.'s Stmt. of Facts, Exs. 3-4, Affidavit of Officer Sharon McHugh, Affidavit of Officer Albert Carter.) Officers McHugh and Carter state that they were both working on Division I on September 28, 2007, and that they did not see Villanueva there at any time. (*Id.*)

In response, Nesbitt submits his own affidavit attesting, "I witnessed Supt. Villanouva [sic] personally direct me to remove my shoes" on September 28, 2007. (Pl.'s Resp., Ex. A, Affidavit of Raymond Nesbitt ¶¶ 4, 5.) [Dkt 85.] Nesbitt also previously testified in a deposition taken April 23, 2010 that after he refused the orders of correctional officers to remove his shoes, he was taken to a room where Villanueva was present, that he attempted to explain his condition to Villanueva and show him his prescription, but that Villanueva disregarded it and told him to remove his shoes. (Def.'s Stmt. of Facts, Ex. 1, Deposition of Raymond Nesbitt at 10:4 - 12:10.)[1] Thus, the court is essentially faced with competing testimony from both sides as to whether Villanueva was present that day and personally directed the allegedly unconstitutional activity.

### Discussion

**STATEMENT**

The court may properly grant summary judgment "if the pleadings, [the discovery] and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986) (citing Fed. R. Civ. P. 56(c))). A genuine issue of material fact exists "if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). In determining whether a genuine issue of material fact exists, the court must construe all facts and draw all reasonable and justifiable inferences in favor of the non-moving party. *Id.* at 255.

Federal Rule of Civil Procedure 56(c) "mandates the entry of summary judgment, after adequate time for discovery and upon motion, against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." *Celotex*, 477 U.S. at 322. "Where the record taken as a whole could not lead a rational trier of fact to find for the non-moving party, there is no genuine issue for trial." *Sarver v. Experian Info. Solutions*, 390 F.3d 969, 970 (7th Cir. 2004) (citations omitted).

    **1.**    **Compliance with Local Rule 56.1**

As an initial matter, Villanueva argues that his Local Rule 56.1 Statement of Material Facts should be deemed admitted because Nesbitt failed to respond to them in compliance with the Local Rules. (Def.'s Reply at 1-3.) [Dkt 86.] Local Rule 56.1(b)(3)(C) directs the non-moving party to admit or deny every factual statement asserted by the moving party and to concisely designate its own material facts, if any, in short numbered paragraphs. It also requires specific references to the record in support. Nesbitt's response to Villanueva's motion did not conform to the Local Rule, although, as Villanueva points out, Nesbitt was served with a "Local Rule 56.2 Notice to Pro Se Litigant Opposing Motion for Summary Judgment." [*See* dkt 65.] The LR 56.2 notice explains how to respond to a summary judgment motion in compliance with Federal Rule of Civil Procedure 56(e) and LR 56.1. (*Id.*)

Compliance with the local rules is important, even for *pro se* litigants, and the court would certainly be within its discretion to deem Villanueva's statement of facts admitted given Nesbitt's failure to respond to them in accordance with LR 56.1. *See e.g. Raymond v. Ameritech Corp.*, 442 F.3d 600, 608 (7th Cir. 2006). However, the court is not *required*, as Villanueva seems to suggest, to exact a penalty against Nesbitt for failure to strictly conform to the procedural rules. *Stevo v. Frasor*, No. 11-1271, ___ F.3d ___, 2011 WL 5597282 at * 5 (7th Cir. Nov. 17, 2011) ("[W]e have repeatedly held that district judges are entitled to insist on strict compliance with local rules designed to promote the clarity of summary judgment filings . . . . We have not endorsed the very different proposition that litigants are entitled to expect strict enforcement by district judges.") Here, Nesbitt's brief and the evidence he submitted respond in substance to Villanueva's statement of material facts, even if not in form. Due to the narrow question at issue, Nesbitt's failure did not cause the court to expend additional time or resources to ascertain what relevant evidence he offered. All parties are better served with a decision based on the merits rather than on a procedural defect. *See Stevo*, 2011 WL 5597282 at * 5. Therefore, the court will consider the evidence Nesbitt attached to his response and will not deem Villanueva's statement of material facts admitted.

However, the court will not make any further allowances for Nesbitt's failure to comply with the local rules in the future. Nesbitt is hereby cautioned that any future submissions to the court in response to Villanueva's anticipated renewed motion for summary judgment must comply with Federal Rule of Civil Procedure 56(e) and Local Rule 56.1. Nesbitt must respond with numbered paragraphs to each of the paragraphs in defendant's statement of facts. Those responses must explain what facts Nesbitt disagrees with and why, with references to specific parts of the record for support. If Nesbitt wishes to introduce additional facts, those must

Case: 1:09-cv-06080 Document #: 92 Filed: 01/04/12 Page 4 of 5 PageID #:344


**STATEMENT**

also be submitted in numbered paragraphs along with references to evidence in the record that supports his position. The court will disregard any future filings that do not conform to the rules.

### 2. Villanueva's Personal Involvement on September 28, 2007

That leaves the limited substantive issue presented by this motion, which is whether Villanueva was involved in taking Nesbitt's shoes away on September 28, 2007. Of course, "a plaintiff bringing a civil rights action must prove that the defendant personally participated in or caused the unconstitutional actions." *Grieveson v. Anderson*, 538 F.3d 763, 776 (7th Cir. 2008) (citations omitted). To be held liable under 42 U.S.C. § 1983, supervisors "must know about the conduct and facilitate it, approve it, condone it, or turn a blind eye for fear of what they might see." *Chavez v. Illinois State Police*, 251 F.3d 612, 651 (7th Cir. 2001) (citations omitted). In short, some causal connection or affirmative link between the action complained about and the official sued is necessary for § 1983 recovery. *Hildebrandt v. Illinois Dept. of Natural Resources*, 347 F.3d 1014, 1039 (7th Cir. 2003) (citations omitted).

Nesbitt must offer evidence to establish that Villanueva was present on the date the date his shoes were seized and that he was personally involved in the incident. From the evidence currently before the court, Nesbitt claims Villanueva was there in the capacity of superintendent and was personally involved in taking Nesbitt's shoes even after reviewing the prescription that they were needed to treat his medical condition. Villanueva, on the other hand, asserts he had been transferred to External Operations, was not assigned to Division I on that date, and did not go to Division I on that date. Officers McHugh and Carter assert they were both present on Division I during the incident, and did not see Villanueva. The parties have submitted no other evidence that would tend to prove or disprove the fact that Villanueva was present on the date in question.

Thus, the court is essentially faced with dueling affidavits presenting two different versions of Villanueva's involvement. When faced with two divergent accounts at the summary judgment stage, the court is not to weigh the evidence or decide which testimony is more credible. *McCann v. Iroquois Meml. Hosp.*, 622 F.3d 745, 752 (7th Cir. 2010). Even if one side's story is more believable, the court must "avoid[ ] the temptation to decide which party's version of the facts is more likely true." *Payne v. Pauley*, 337 F.3d 767, 770 (7th Cir. 2003). Summary judgment cannot be used to resolve "swearing contests" between litigants. *Id.* Although Villanueva argues that Nesbitt's affidavit is "self-serving," the Seventh Circuit has repeatedly noted that "most affidavits are self-serving, as is most testimony, and this does not permit a district judge to denigrate a plaintiff's evidence when deciding whether a material dispute requires trial." *Kaba v. Stepp*, 458 F.3d 678, 681 (7th Cir. 2006) (citations omitted).

Taking the facts in the light most favorable to Nesbitt, a triable issue of fact exists as to whether Villanueva was personally involved in disregarding Nesbitt's prescription and taking his shoes. Villanueva asserts he was not present that day, while Nesbitt says he was. No evidence in the record definitively establishes that Nesbitt mis-identified Villanueva. Although two other correctional officers present that day attest they did not see Villanueva, accepting their and Villanueva's statements over Nesbitt's testimony would require the court to make credibility determinations and weigh the competing testimony. That is simply not appropriate at this stage. Therefore, summary judgment on the grounds that Villanueva is not the proper defendant in this case is denied. This is not, of course, a finding that Villaneuva was, in fact, involved, merely that a triable issue of fact remains on that question.

---

1. Nesbitt additionally submitted the unsworn affidavits of two other prisoners allegedly present that day, Pierre Cole and Cornelius Brown. (Pl.'s Resp., Exs. B, C.) However, those affidavits

cannot be considered for two reasons. First, they are not properly sworn affidavits or unsworn declarations pursuant to 28 U.S.C. § 1746. Second, and more importantly, the affidavits are essentially fill-in-the-blank forms stating that Mr. Cole and Mr. Brown also had their shoes removed, but they are incomplete and do not contain the date of the alleged incident.