# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Geraldine Soat Brown | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 09 C 6080 | **DATE** | 3/12/2012 |
| **CASE TITLE** | Nesbitt vs. Villanueva | | |

**DOCKET ENTRY TEXT**

For the reasons stated below, defendant's motion to reconsider [94] is denied.

■[ For further details see text below.]   Notices mailed by Judicial staff.

## STATEMENT

   Before the court is defendant Superintendent Nelson Villanueva's ("Villanueva") motion to reconsider. [Dkt 94.] Villanueva asks the court to reverse its January 4, 2012 order denying his motion for partial summary judgment. [*See* dkt 92.] Because Villanueva has not demonstrated any manifest error of law or fact, the motion is denied.

   Motions to reconsider serve the limited function of allowing courts to correct manifest errors of law or fact or to consider newly discovered evidence. *Oto v. Metro. Life Ins. Co.*, 224 F.3d 601, 606 (7th Cir. 2000). A motion to reconsider may be granted when there has been a significant change in the law or facts since the parties presented the issue to the court, when the court misunderstands a party's arguments, or when the court overreaches by deciding an issue not properly before it. *U.S. v. Ligas*, 549 F.3d 497, 501 (7th Cir. 2008). Such a motion is not a vehicle for a party to rehash previously rejected arguments, and an error requiring reversal is not shown simply by the disappointment of the losing party. *See Oto*, 224 F.3d at 606. Rather, it is the "wholesale disregard, misapplication, or failure to recognize controlling precedent." *Id.* (internal quotations and citations omitted).

   Here, Villanueva argues that this court erred in denying his motion for partial summary judgment because plaintiff Raymond Nesbitt ("Nesbitt") failed to put forth sufficient affirmative evidence to defeat the motion. (Mot. Reconsider at 2.) The subject of Villanueva's motion was limited to the narrow issue of whether Villanueva was actually present and involved in the events giving rise to Nesbitt's claim of deliberate indifference. Nesbitt claims that he suffered from a foot condition while he was being held at Cook County Jail, for which he had been prescribed certain shoes to alleviate pain, and that Villanueva was personally involved in taking those shoes away.

   As factual support for his claim of Villanueva's involvement, Nesbitt submitted an affidavit in which he swore that on September 28, 2007, "I witnessed Supt. Villanouva [*sic*] personally direct me to remove my shoes."

(Pl.'s Resp. Summ. J., Ex. A, Aff. Raymond Nesbitt ¶ 5.) [Dkt 85.] The court also considered Nesbitt's April 23, 2010 deposition testimony that he was taken to a room where Villanueva was present and that he attempted to explain his condition to Villanueva and show him his prescription, but Villanueva disregarded it and told him to remove his shoes. (Def.'s Stmt. of Facts, Ex. 1, Deposition of Raymond Nesbitt at 10:4 - 12:10.) [Dkt 66.] Villanueva submitted the affidavits of two correctional officers who asserted they were there on the day in question and did not recall seeing Villanueva, as well as his own affidavit in which he swore that he was not assigned to Nesbitt's division on the date in question, did not take Nesbitt's shoes and did not see Nesbitt that day. (*Id.*, Exs. 2-4.)

This court denied summary judgment for Villanueva due to the issues of fact raised by the competing affidavits. (Order, Jan. 4, 2012 at 4.) Villanueva argues the ruling was erroneous and should be reconsidered because "[Nesbitt] has offered no evidence, other than his own testimony (put in affidavit form), that Villanueva was personally involved in his allegations." (Def.'s Mot. Reconsider at 2.) Villanueva argues that Nesbitt's "mere say-so" is insufficient to defeat a motion for summary judgment, and that "to find such scant evidence sufficient to meet a plaintiff's burden of production . . . would allow any plaintiff to survive summary judgment simply by maintaining that a named defendant was responsible for his constitutional violation." (*Id.* at 3 (citation omitted).)

Villanueva has not persuaded the court that Nesbitt's affidavit and testimony are insufficient to raise an issue of material fact on the limited question of whether Villanueva was present and involved in taking away Nesbitt's shoes. Villanueva argues that this court's ruling "cannot be squared with controlling precedent," and cites a number of cases. (*Id.* at 2-3.) However, none are dispositive of this case and all can be squared with this court's ruling.

In *Marion v. Radtke*, 641 F.3d 874, 876-77 (7th Cir. 2011), the court upheld summary judgment where the plaintiff in a prisoner civil rights case had submitted no evidence at all in response to the motion and had in fact maintained that the defendant had the burden of production because it had easier access to the evidence. That is not the situation here, because Nesbitt did submit evidence in the form of his own sworn statement.

In *Johnson v. Cambridge Industries, Inc.*, 325 F.3d 892, 901 (7th Cir. 2003), the court upheld summary judgment in a race discrimination case where among other things the plaintiff's affidavit did not indicate the basis for his personal knowledge of another employee's employment status. Similarly, in the unpublished Seventh Circuit case *Lucien v. Peters*, 1992 WL 104815 at *1 n. 1 (7th Cir. May 18, 1992), the court found in a prisoner civil rights case that the plaintiff's affidavit did not state a sufficient knowledge basis for his claim that his prison cell was a "control" segregation cell where it was based only on his "mere say-so." In these cases, the affidavits were deficient because they were not based on sufficient personal knowledge. "An affidavit or declaration used to support or oppose a motion must be based on personal knowledge, set out facts that would be admissible in evidence, and show that the affiant or declarant is competent to testify on the matters so stated." Fed. R. Civ. P 56(c)(4).

In the present case, on the other hand, Nesbitt stated that the basis of his personal knowledge was that he was there and witnessed Villanueva's actions firsthand. Villanueva contends that Nesbitt's "mere say-so" is an "unsupported insistence" that Villanueva was present. (Def.'s Mot. Reconsider at 3.) But all the support Nesbitt needs for the statement that he witnessed Villanueva's actions is that he was there and that he saw it happen. *See Payne v. Pauley,* 337 F.3d 767, 773 (7th Cir. 2003) (court held plaintiff's affidavit containing first-hand account of defendant's actions was sufficient to defeat summary judgment). In fact, Villanueva's own affidavit, which is the primary evidence offered in support of his motion, is based on nothing more than his own assertion that

# STATEMENT

he was *not* present that day.[1] Any question as to the veracity of these statements and whether one is more believable or plausible than the other would require the court to make a credibility determination, which Villanueva concedes is inappropriate at the summary judgment stage. (Def.'s Mot. Reconsider at 2.)

Villanueva also cites a number of cases that hold that a party cannot defeat summary judgment by resting upon the pleadings or by conclusory statements in affidavits. *See Harney v. Speedway SuperAmerica, LLC,* 526 F.3d 1099, 1104 (7th Cir. 2008); *Keri v. Bd. of Trustees of Purdue Univ.*, 458 F.3d 620, 626 (7th Cir. 2006); *Howland v. Kilquist*, 833 F.2d 639, 642 (7th Cir. 1987). In this case, Nesbitt has not rested on the pleadings or submitted a conclusory affidavit. As discussed above, he offered a sufficient basis for his personal knowledge that Villanueva was present.

Essentially, Villanueva's argument here boils down to the same one he made in his motion for partial for summary judgment - that Nesbitt's affidavit is insufficient and that the court should accept the affidavits Villanueva submitted over Nesbitt's affidavit and deposition testimony. To do so would be exactly what the Seventh Circuit has explicitly warned a court may not do when resolving a motion for summary judgment: make credibility determinations, weigh competing affidavits, and view evidence in a light unfavorable to the non-movant. *See Payne*, 337 F.3d at 770-73; *see also Kaba v. Stepp*, 458 F.3d 678, 681 (7th Cir. 2006).[2] Therefore, for all of the foregoing reasons, Villanueva's motion to reconsider is denied.

---

1. Although Villanueva also submitted affidavits from two correctional officers stating that they did not see Villanueva in Nesbitt's division on the day in question, this does not render Nesbitt's evidence without a sufficient basis at this stage. It is simply further evidence to support Villanueva's defense. However, the court views all evidence in the light most favorable to the non-movant at the summary judgment stage.

2. The court cited both of these very relevant cases in its order denying summary judgment, but Villanueva's motion to reconsider does not address either one or in what way the court misapplied them to this case.